IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KATHRYN KASPAREK,
        Plaintiff,

-vs-

UNITED STATES OF AMERICA,
        Defendant.

CAUSE NO.:
A-16-CV-01324-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant United States of America's Motion for Summary Judgment [#19], and Plaintiff Kathryn Kasparek's Response [#23] in opposition. Having considered the case file and the applicable law, the Court enters the following opinion and orders.

### Background

This is a premises liability case. On a rainy May 8, 2014, Kasparek slipped and fell while walking over a metal grate in front of the United States Post Office located 1212 US Highway 281, Marble Falls, Texas 78654. Compl. [#1] at ¶ 7. As a result of her fall, Kasperek suffered numerous injuries, including a broken femur, torn rotator cup, laceration, puncture wound, and abrasions. *Id.* Kasperek alleges postmaster Alan Smith told her after her accident that "the post office had been having trouble with that drainage area and had been trying to figure out how to fix it." *Id.* at ¶ 8; Resp. [#23] at 2.

Kasparek filed this lawsuit on December 20, 2016, asserting one claim for premises liability. Compl. [#1] at ¶ 9. Defendant moves for summary judgment. *See* Mot. Summ. J. [#19]. The motion is ripe for consideration.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers*

*Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

The parties agree Texas law applies in this case. Under Texas law, a landowner has a "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). As a general rule, however, a landowner is not required to make safe or warn of hazards that are open and obvious or known to the invitee. *Id.* at 204.

The elements of a claim for premises liability under Texas law are: (1) defendant had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm to plaintiff; (3) the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) defendant's failure to use such care proximately caused plaintiff's injuries. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017), *reh'g denied* (Jan. 26, 2018). Naturally occurring or accumulating conditions such as rain, mud, and ice do not create conditions posing an unreasonable risk of harm as a matter of law, and therefore do not give rise to premises liability. *Walker v. UME, Inc.*, 03-15-00271-CV, 2016 WL

3

3136878, at *2 (Tex. App.—Austin June 3, 2016, pet. denied); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004).

Defendant contends it is entitled to summary judgment because the metal grate at issue in this case was an open and obvious condition for which it had no duty to warn or protect against. *See* Mot. Summ. J. [#19] at 3–5. Defendant also argues rainwater cannot create an unreasonable risk of harm to invitees as a matter of law. *See id.* at 5–10. Kasperek responds Defendant did not plead the affirmative defense of open and obvious, and Defendant's rainwater defense does not apply because the only path for ingress and egress to the building was over the metal grate. *See* Resp. [#23] at 1–4.

Defendant is entitled to summary judgment under the natural accumulation rule recognized by Texas Courts. It was raining at the United State Post Office when Kaspereck slipped and fell. *See* Mot. Summ. J. [#19] at Ex. 1 (Kasperek Dep. Tr.), 14:6–16:5. The rain caused the metal grate to become slippery.[1] *See* Resp. [#23] at 3 (referring to "rain covered slippery grate"). Rain is a naturally occurring or accumulating condition that, as a matter of law, cannot be an unreasonable risk of harm. *See Walker*, 2016 WL 3136878, at *2; *see also Bufler v. Apeck Constr., LLC*, 03-14-00323-CV, 2016 WL 3521877, at *2 (Tex. App.—Austin June 21, 2016, no pet.) (affirming summary judgment for landowner in slip-and-fall case where plaintiff "stepped on a smooth part of the sidewalk wet from the rain," noting "[r]ain on a sidewalk can and often does form a condition posing a risk of harm, but not an 'unreasonable' risk of harm."); *Estes v. Wal-Mart Stores Texas, L.L.C.*, 3:16-CV-02057-M, 2017 WL 2778108, at *2 (N.D. Tex. June 27, 2017) ("Because rainwater falls under the general rule that naturally accumulating

---

[1] There is no evidence any other liquid or substance was on the metal grate when Kasperek fell.

4

conditions do not create an unreasonable risk of harm, Plaintiff fails to establish facts which could support a claim for premises liability under Texas law.").

Kasperek has not presented a recognized exception to the natural accumulation rule. Without support or explanation, Kasperek asserts "Defendant's 'rainwater' defense does not apply when the only path for ingress and egress is the slippery grate encountered by Plaintiff." Resp. [#23] at 1. It appears Kasperek is referencing the necessary-use exception to the "open and obvious" defense. *See Austin*, 465 S.W.3d at 208 (discussing necessary-use exception to the general rule that a "landowner has no duty to protect or warn an invitee against unreasonable dangers that are open and obvious or otherwise known to the invitee."). However, the open and obvious defense is distinct from the natural accumulation rule applied above. *See Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 416 (Tex. 2010) (distinguishing the two issues); *see also Estes v. Wal-Mart Stores Texas, L.L.C.*, 3:16-CV-02057-M, 2017 WL 2778108, at *3 (N.D. Tex. June 27, 2017) (same). Neither of the two exceptions to the natural accumulation rule the Texas Supreme Court has considered is applicable here.[2]

In sum, the Court concludes the rainwater on the metal grate cannot be an unreasonable risk of harm because of the natural accumulation rule. Defendant is therefore entitled to summary judgment, and the Court does not address the other arguments raised by the parties.

---

[2] In *Fair*, the Texas Supreme Court considered naturally accumulated ice could rise to an unreasonable risk of harm when (1) "accumulated snow or ice covers a normally open and obvious danger, such as a deep hole in a parking lot or an eight-inch raised concrete bumper," or (2) when a landowner is "actively negligent in permitting or creating an unnatural accumulation of ice or snow." *Fair*, 310 S.W.3d at 416. There is no allegation the rain here covered a normally open and obvious danger at the Post Office or that Defendant was negligent in permitting or creating an unnatural accumulation of water. More importantly, it is unclear above exceptions apply to Texas cases as the court expressly stated it was "[a]ssuming, without deciding, that these exceptions are cognizable under Texas law." *Id.*

## Conclusion

Accordingly,

IT IS ORDERED that Defendant United States of America's Motion for Summary Judgment [#19] is GRANTED.

SIGNED this the 25th day of May 2018.

*Sam Sparks*
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE